## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA WASHBURN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-21-512-J |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| J.C. PENNEY CORPORATION, INC., ) | **ATTORNEY'S LIEN CLAIMED** |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Plaintiff Barbara Washburn and, for her cause of action against Defendant J.C. Penney Corporation, Inc., alleges and states as follows:

The Parties

1. Plaintiff Barbara Washburn is an individual who currently resides, and at all relevant times has resided, in the Western District of Oklahoma.

2. Defendant J.C. Penney Corporation, Inc. ("JCP") is a for-profit business that is registered to do business in the State of Oklahoma.

Jurisdiction and Venue

3. This Court has personal jurisdiction over Defendant JCP because it is a for-profit business that operates within the State of Oklahoma.

4. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 because it arises under federal law, the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Amendments Act of 2008.

1

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## Factual Allegations

6.  Plaintiff Barbara Washburn was employed at Defendant JCP for approximately 5 years.

7.  In March of 2020, Washburn was employed in the position of Salon Manager.

8.  Washburn received performance-based bonuses twice a year for each year she was employed by the company because of her excellent job performance.

9.  In March 2020, Washburn was furloughed due to the coronavirus pandemic.

10. In mid-May 2020, Washburn's supervisor contacted her and authorized Washburn to remain off work for 30 more days due to Washburn's underlying health conditions.

11. On June 15, 2020, Washburn's supervisor called and asked if Washburn was prepared to return to work.

12. During the June 15, 2020 phone call, Washburn stated that she was fully prepared to return to work with the use of a face shield, rather than a face mask, on the advice of her physician.

13. Washburn has attempted to utilize a face mask during the coronavirus pandemic. However, the use of the mask has caused her significant breathing problems which persist for several hours.

14. Washburn advised her supervisor of the significant breathing problems that wearing a mask causes her.

15. Washburn's supervisor initially agreed to the requested accommodation, *i.e.* that Washburn could return to work using a face shield rather than a face mask.

16. However, approximately four (4) hours later, Washburn's supervisor called and told Washburn that she could not return to work unless she wore a face mask. The supervisor directed Washburn to "Powerline," where Washburn submitted a formal request for a reasonable accommodation, along with supporting documentation from her physician.

17. On July 13, 2020, a representative from Powerline told Washburn that she could not return to work unless she wore a face mask. The representative stated that Defendant JCP would be "fined" if Washburn returned to work without the use of a face mask.

18. This statement was obviously not true, as each municipality in the Oklahoma City metro area has exempted individuals with medical conditions from wearing masks.

19. Furthermore, Defendant JCP's own policies and procedures authorize customers to enter their stores and salons without a face mask if a medical condition prevents the customer from wearing a face mask. Defendant JCP posted an online blog on July 22 stating "We understand some of our customers may have health conditions or disabilities that prevent them from wearing a mask or face covering, and our mask requirement will not apply in those cases."

20. During the call with Powerline on July 13, the representative also told Washburn that she could have two additional fifteen (15) minute breaks each day if she wore a face mask.

21. This proposal was unreasonable on its face, as Washburn had made it clear that the use of a face mask severely impacted her for hours.

22. On July 21, 2020, Washburn received a letter from Defendant JCP denying her request for a reasonable accommodation.

23. Defendant JCP did not provide a written explanation as to why it denied the accommodation.

24. Defendant JCP did not offer any other reasonable accommodation to Washburn.

25. Defendant JCP did not engage in the interactive process required by the ADA.

26. Washburn timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission.

27. Following Washburn's filing of her Charge of Discrimination, JCP terminated her employment.

28. Washburn timely filed a second Charge of Discrimination with the EEOC.

29. The EEOC issued a Notice of Suit Rights on April 26, 2021. Washburn has timely filed this suit within ninety (90) days of receipt of the Notice of Suit Rights.

## FIRST CAUSE OF ACTION - DENIAL OF REASONABLE ACCOMMODATION IN VIOLATION OF THE ADA

30.  Washburn incorporates by reference all of the above and foregoing paragraphs as though set forth in full herein.

31.  The ADA was created to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

32.  The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

33.  Defendant JCP is a "covered entity" that must comply with the terms and provisions of the ADA.

34.  Washburn is and at all relevant times has been a "qualified individual" who can perform all of the essential functions of her job as Salon Manager with a reasonable accommodation, *i.e.* the use of a face shield instead of a face mask.

35.  Under the ADA, "the term 'discriminate against a qualified individual on the basis of disability' includes . . . not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A); see also Punt v. Kelly Services, 862 F.3d 1040, 1048 (10th Cir. 2017). "Unlike other enumerated constructions of 'discriminate,' this construction does not require that an employer's action be motivated by a discriminatory animus directed at the

disability. Rather, any failure to provide reasonable accommodations for a disability is necessarily 'because of a disability.'" Id. (internal citation and quotation marks omitted).

36. Washburn requested a reasonable accommodation multiple times to her supervisor and to Defendant JCP's third-party Human Resources administrator, "Powerline," for her physical disability.

37. Defendant JCP refused to allow Washburn to return to work wearing a face shield instead of a face mask.

38. Defendant JCP did not offer or discuss with Washburn with any meaningful alternative accommodations.

39. Defendant JCP's actions were intentional and/or in reckless disregard of Washburn's rights under the ADA.

40. As a direct result of Defendant JCP's violation of the Americans with Disabilities Act of 1990 and/or the Americans with Disabilities Act Amendments Act of 2008, Washburn has suffered economic and non-economic damages, including lost wages and benefits, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, damage to her professional reputation, inconvenience, loss of enjoyment of life, and other nonpecuniary losses, all to her detriment and damage in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00).

**WHEREFORE** Plaintiff Barbara Washburn prays for judgment against Defendant J.C. Penney Corporation as follows:

(1) For her actual damages in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00) and in accordance with the proof at the time of trial;

(2) For reinstatement or front pay in lieu of reinstatement.

(3) For punitive damages;

(4) For attorney's fees and costs as authorized by law;

(5) For pre-judgment and post-judgment interest; and

(6) For any and all equitable relief, including any mandatory or prohibitory injunctions, as necessary to make Plaintiff whole.

## SECOND CAUSE OF ACTION – INTENTIONAL DISCRIMINATION IN VIOLATION OF THE ADA

41. Washburn incorporates by reference all of the above and foregoing paragraphs as though set forth in full herein.

42. Washburn had an actual disability and/or was regarded as disabled by JPC at all relevant times.

43. Washburn's actual disability substantially limited her in one or more major life activities.

44. Washburn was qualified for her position at all relevant times.

45. Washburn was terminated on the basis of her disability.

46. Defendant JCP's actions were intentional and/or in reckless disregard of Washburn's rights under the ADA.

47. As a direct result of Defendant JCP's violation of the Americans with Disabilities Act of 1990 and/or the Americans with Disabilities Act Amendments Act of 2008, Washburn has suffered economic and non-economic damages, including lost wages and benefits, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, damage to her professional reputation, inconvenience, loss of enjoyment

of life, and other nonpecuniary losses, all to her detriment and damage in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00).

**WHEREFORE** Plaintiff Barbara Washburn prays for judgment against Defendant J.C. Penney Corporation as follows:

(1) For her actual damages in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00) and in accordance with the proof at the time of trial;

(2) For reinstatement or front pay in lieu of reinstatement;

(3) For punitive damages;

(4) For attorney's fees and costs as authorized by law;

(5) For pre-judgment and post-judgment interest; and

(6) For any and all equitable relief, including any mandatory or prohibitory injunctions, as necessary to make Plaintiff whole.

## THIRD CAUSE OF ACTION – RETALIATION IN VIOLATION OF THE ADA

48. Washburn incorporates by reference all of the above and foregoing paragraphs as though set forth in full herein.

49. Washburn engaged in protected activity and/or protected opposition against unlawful discrimination.

50. Washburn performed the duties and responsibilities of her position in a satisfactory manner.

51. JCP was aware of Washburn's protected activity and/or protected opposition.

52. JCP terminated Washburn because of her protected activity and/or protected opposition to intentional discrimination or requests for accommodation.

53. Defendant JCP's actions were intentional and/or in reckless disregard of Washburn's rights under the ADA.

54. As a direct result of Defendant JCP's violation of the Americans with Disabilities Act of 1990 and/or the Americans with Disabilities Act Amendments Act of 2008, Washburn has suffered economic and non-economic damages, including lost wages and benefits, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, damage to her professional reputation, inconvenience, loss of enjoyment of life, and other nonpecuniary losses, all to her detriment and damage in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00).

**WHEREFORE** Plaintiff Barbara Washburn prays for judgment against Defendant J.C. Penney Corporation as follows:

(1) For her actual damages in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00) and in accordance with the proof at the time of trial;

(2) For reinstatement or front pay in lieu of reinstatement;

(3) For punitive damages;

(4) For attorney's fees and costs as authorized by law;

(5) For pre-judgment and post-judgment interest; and

(6) For any and all equitable relief, including any mandatory or prohibitory injunctions, as necessary to make Plaintiff whole.

Dated this 18th day of May, 2021.

/s/ Barrett T. Bowers
Barrett T. Bowers, OBA# 30493
THE BOWERS LAW FIRM
P.O. Box 891628
Oklahoma City, Oklahoma 73189

(405) 727-7188 – T
barrett@bowerslawok.com